## People of the State of Illinois, Defendant in Error, v. William Hallam et al., Plaintiffs in Error.

CRIMINAL LAW—*when joint conviction will not be sustained.* Under an information against two or more, two cannot be convicted jointly for distinct offenses, though of the kind charged in the information, when committed by them severally, and growing out of separate transactions.

Proceeding by information. Error to the County Court of Wabash county; the Hon. J. A. LAPP, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed June 15, 1909.

E. B. GREEN and THEO. G. RISLEY, for appellants.

H. M. PHIPPS, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On October 28, 1907, an information was filed in the County Court of Wabash county, by the state's attorney of that county, charging William Hallam and William Butler, the plaintiffs in error, and three other persons, with unlawfully playing for money at a game with cards, in said county of Wabash, on the 1st day of October in said year. When the cause came on for trial at the January term, 1908, of said court, the same was continued as to one defendant who had not been arrested, and at the close of all the evidence, dismissed by the state's attorney as to two other defendants. The trial having proceeded, with the two plaintiffs in error, as the only defendants, they were both found guilty by the jury and a fine assessed against each of them by the court.

Proper exceptions were presented and the cause is brought here for review.

Upon the trial two witnesses sworn on behalf of the people, testified to having seen the plaintiffs in error play cards for money in Wabash county. They both swore that the card playing to which they referred, took place on a Sunday, fixed within the period of limitations; that they saw Hallam playing in the forenoon; that at noon witnesses went to Grayville, returning in the afternoon, when they saw Butler playing; that they never saw Hallam and Butler playing at the same time. One of these witnesses also swore that the places where Butler and Hallam played were about thirty feet apart. No other witness for the people than the two above referred to, claimed to have seen either Hallam or Butler playing. Each of the plaintiffs in error denied on the witness stand that he was present at the time and place named by the witnesses for the people, and the evidence of other witnesses sworn for the defense tended to corroborate them.

The first question presented, and the only one which it concerns us to consider, is whether, admitting the

evidence introduced for the people to be true, it is sufficient to sustain the verdict of guilty against the two plaintiffs in error jointly, as the proof showed they never played together, but at different times and that they were not even both present at the same time. The law governing the conditions existing in this case, appears to be well settled. It is very clearly stated in Moore's Criminal Law (2nd Ed.) Section 817, a portion of the language used being quoted from Baker v. The People, 105 Ill. 452, as follows:

"Under an indictment against two or more, two cannot be convicted jointly for distinct offenses, though of the kind charged in the indictment, when committed by them severally, and growing out of separate transactions. As if A and B are jointly indicted and tried for gaming, and the evidence shows that A and others played at one time when B was not present, and B and others played at another time when A was not present, no conviction can be had against them."

In Elliott v. The State, 26 Ala. 78, which was an indictment against four persons for gaming, two of them were tried on a joint plea of not guilty, the other two not being arrested, the evidence showed that both of the defendants on trial had gambled at cards at the same house but not at the same time or in the presence of each other. The court there held, that "An indictment would be fatally defective, if upon its face it charged several defendants for several offenses committed by them independently of each other, some of which were committed by some of the defendants at one time, and some of which were committed by others of the defendants at a different time. Where these facts do not appear upon the face of the indictment, but do appear on the trial from the evidence, the defendants are as much entitled to the benefit and protection of the rules of law above laid down, as if the indictment had fairly stated the facts, and thus given them an opportunity to demur to it, or to move in arrest of judgment."

The judgment of the court below against defendants in that case, was reversed and the cause remanded.

From the above authorities, it plainly appears, that the facts in this case did not warrant a joint verdict of guilty against the two plaintiffs in error, and therefore the judgment based on that verdict must be reversed and the cause remanded.

*Reversed and remanded.*